```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

AMERICAN CONTRACTOR'S
INDEMNITY COMPANY                                              PLAINTIFF

    v.    Civil No. 07-5203

A.C.I. CONTRACTING, INC.;
SHANE ANDERS; AMY ANDERS;
JUSTIN WINBERRY; and
EMILY WINBERRY                                                 DEFENDANTS

<u>**JUDGMENT**</u>

  On the 9th day of December, 2008, the captioned matter came on for hearing on the issue of damages as against separate defendants A.C.I. Contracting, Inc.; Shane Anders; and Justin Winberry, the matter having been stayed as against separate defendants Amy Anders and Emily Winberry due to their filing of bankruptcy petitions.

  1. Plaintiff appeared by its representative Gregory Ching and its counsel Brant Warrick, and presented testimonial and documentary evidence from which the Court finds as follows:

  * Plaintiff American Contractor's Indemnity Company ("ACIC") issued two Performance and Payment Bonds, Bond No. 295934 in the amount of $235,705.00 and Bond No. 296006 in the amount of $470,653.00, to defendant A.C.I. Contracting, Inc. d/b/a Anders Concrete, Inc. ("A.C.I. Contracting"). The Bonds will be referred to in this Judgment by their respective numbers.

  * Each Bond was secured by a General Indemnity Agreement ("GIA") executed by A.C.I. Contracting and by all of the individual defendants.

  * A.C.I. Contracting failed to complete the work covered by

the Bonds, and failed to honor calls to post collateral security as required by the GIAs.

* Mid-Tec, Inc. ("Mid-Tec"), the obligee of the Bonds, made claims in the amount of $102,832.02 against Bond No. 295934 and $330,312.40 against Bond No. 296006.

* Following an investigation into the documentation of Mid-Tec's claims, on December 5, 2008, ACIC paid Mid-Tec $15,355.04 on Bond No. 295934 and $259,734.65 on Bond No. 296006.  ACIC has not denied the balance on the claims, $158,054.73, but rather is in the position of waiting to see if Mid-Tec can produce sufficient documentation to justify payment.

* ACIC has incurred $73,973.41 in attorney's fees and related expenses through November, 2008, as well as $6,314.91 in consultant's fees and related expenses in that period of time.  These are recoverable sums under the GIAs.

* ACIC is entitled to judgment in the sum of $355,378.01 against A.C.I. Contracting; Shane Anders; and Justin Winberry, jointly and severally.

* ACIC is entitled to an Order requiring A.C.I. Contracting; Shane Anders; and Justin Winberry to post collateral worth $158,054.73 with ACIC.  These monies are to be held in trust by ACIC.  If ACIC determines that additional payments are due to Mid-Tec on the claims against the Bonds, ACIC shall indemnify itself from the trust funds. To the extent the trust funds are not so needed, they may be applied to the Judgment in this matter.  To the extent the trust funds are not required for either purpose, they shall be promptly returned to

defendants in the proportion paid by each defendant.

    2.   ACIC claims it is entitled to prejudgment interest, but the Court is not persuaded that it has met the applicable standard for that type of relief.

> Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion. This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action. Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law. Nevertheless, prejudgment interest is always dependent upon the initial measure of damages being determinable immediately after the loss and with reasonable certainty.

**Simms v. Moser, 373 Ark. 491, 509, --- S.W.3d ---, --- (2008)**(internal citations omitted).

    The cause of action here was triggered by A.C.I. Contracting's default on the obligations of the Bonds by failing to complete the underlying contracted construction work in April, 2007, yet ACIC did not fix the amount to be paid to Mid-Tec until a few days before trial. Portions of Mid-Tec's claims are still undetermined. Under these circumstances, an award of prejudgment interest is not justified.

    3.   ACIC requests leave to submit a claim for additional attorney's fees and costs incurred in the trial of this matter. The Court will grant that request, and directs that a petition for same be submitted within fourteen days of the date of trial. Any objections thereto will be considered if filed within eleven days thereafter.

**IT IS THEREFORE ORDERED** that American Contractor's Indemnity Company have and recover of and from A.C.I. Contracting, Inc.; Shane Anders; and Justin Winberry, the sum of Three Hundred Fifty-Five Thousand Three Hundred Seventy-Eight and 1/100 Dollars ($355,378.01), with interest thereon at the rate of .50% per annum until paid, for all of which execution may issue.

**IT IS FURTHER ORDERED** that A.C.I. Contracting, Inc.; Shane Anders; and Justin Winberry post collateral worth $158,054.73 with ACIC within eleven days of the date of this Judgment, same to be held in trust by ACIC. If ACIC determines that additional payments are due to Mid-Tec on the claims against the Bonds, ACIC shall indemnify itself from these trust funds.  To the extent the trust funds are not so needed, they may be applied to the Judgment in this matter.  To the extent the trust funds are not required for either purpose, they shall be promptly returned to defendants in the proportion paid by each defendant.

**IT IS FURTHER ORDERED** that plaintiff may file a petition for additional attorney's fees and costs incurred in trial of this matter within fourteen days of the date of this Order.  Any objections thereto will be considered if filed within eleven days thereafter.

**IT IS SO ORDERED**, this 19th day of December, 2008.

 /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**