```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

AMERICAN CONTRACTOR'S
INDEMNITY COMPANY                                            PLAINTIFF

       v.           Civil No. 07-5203

A.C.I. CONTRACTING, INC.;
SHANE ANDERS; AMY ANDERS;
JUSTIN WINBERRY; and
EMILY WINBERRY                                              DEFENDANTS

## MEMORANDUM OPINION

Now on this 1st day of September, 2010, comes on for consideration plaintiff's **Renewed Motion For Summary Judgment** (document #51), to which there has been no response, and from said motion, and the supporting documentation, the Court finds and orders as follows:

1. Plaintiff American Contractor's Indemnity Company ("ACIC") brought suit, alleging that it issued Performance and Payment Bonds on two contracts in which defendant A.C.I. Contracting, Inc. ("ACI") agreed to perform services, and that the individual defendants signed an indemnity agreement in support of these bonds. ACIC further alleged that ACI defaulted on its obligations under the contracts. ACIC sought to recover its losses on the bonds, as well as costs and attorney fees.

Defendants ACI and Shane Anders went into default; defendants Amy Anders and Emily Winberry admitted liability; and the Court entered summary judgment against defendant Justin Winberry on the issue of liability.

Before the issue of damages could be resolved by trial, Amy

Anders and Emily Winberry filed for bankruptcy, which resulted in ACIC's claims against them being stayed. Following a bench trial, Judgment was entered against ACI, Shane Anders, and Justin Winberry.

On February 2, 2010, at ACIC's request, the stay imposed by bankruptcy proceedings was lifted as to Amy Anders, and the case as to her was set for trial on September 13, 2010. ACIC now moves for summary judgment against Amy Anders.

2.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3.   Pursuant to **Local Rule 56.1,** ACIC filed a statement of

facts which it contends are not in dispute. Amy Anders has not come forward to dispute this statement, and in the absence of any dispute, the Court finds the facts to be as follows:

* To induce ACIC to issue Performance and Payment Bonds on behalf of ACI Contracting, Inc., d/b/a Anders Concrete ("ACI" or "Anders Concrete"), Amy Anders and others executed a General Indemnity Agreement in favor of ACIC.

* Under the terms of the General Indemnity Agreement, Amy Anders and the other indemnitors agreed to indemnify and hold ACIC harmless from any and all "demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever kind or nature together with interest thereon at the maximum rate allowed by law, which arise by reason of, or in consequence of, the execution" of the bonds by ACIC on behalf of Anders Concrete and in enforcing the terms of the General Indemnity Agreement.

* ACIC issued two Performance and Payment Bonds, Bond No. 295934 in the amount of $235,705.00 and Bond No. 296006 in the amount of $470,653.00, on behalf of Anders Concrete in favor of Mid-Tec, Inc. ("Mid-Tec"), as Obligee on two contracts between Mid-Tec and Anders Concrete.

* Anders Concrete defaulted on its contracts with Mid-Tec, and Mid-Tec made a claim against Bond No. 295934 in the amount of $102,832.02 and against Bond No. 296006 in the amount of $330,312.40.

* Amy Anders failed to honor calls to post collateral security with ACIC as required by the General Indemnity Agreement.

* Amy Anders failed to produce financial books and records as required by the General Indemnity Agreement.

* On November 13, 2008, during a settlement conference in this case, Amy Anders admitted liability for the allegations in the Complaint.

* Following an investigation into Mid-Tec's claims, on December 5, 2008, ACIC paid Mid-Tec $15,355.04 on Bond No. 295934 and $259,734.65 on Bond No. 296006 to partially resolve Mid-Tec's claims.

* On February 6, 2009, upon receipt and review of additional documentation from Mid-Tec, ACIC resolved the balance of Mid-Tec's claims against the bonds and paid Mid-Tec an additional $40,001.59 on Bond No. 295934 and an additional $42,242.64 on Bond No. 296006.

* As of May 31, 2010, ACIC had incurred $104,230.24 in attorney's fees in this matter, as well as $6,314.91 in consultant's fees and related expenses, and $1,774.85 in witness travel expenses.  These are recoverable sums under the General Indemnity Agreement, with the exception of costs associated with ACIC's participation in settlement conference in the sum of $3,390.37 - which were assessed by the Court against Shane Anders, Justin Winberry and Anders Concrete only - and the costs and

expenses incurred by ACIC between December 8, 2008, and December 24, 2008, during which time the action against Amy Anders was subject to the automatic stay of bankruptcy, in the sum of $7,805.30. Accounting for those deductions, there is now due to ACIC from Amy Anders the sum of $458,458.25.

4.   There being no dispute about the above facts, the Court finds that plaintiff's **Renewed Motion For Summary Judgment** (document #51) should be, and same hereby is, **granted**, and judgment in favor of ACIC as against Amy Anders in the sum of $458,458.25 will be entered by separate document contemporaneously herewith.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED   STATES   DISTRICT   JUDGE**